**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1076
_____

UNITED STATES OF AMERICA,

v.

ANTHONY PERCELL,
a/k/a D.S.,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:22-cr-00259-001)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 11, 2025
_____

Before:  SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges</u>

(Filed April 10, 2025)
_____

OPINION[1]
_____

CHUNG, Circuit Judge.

For nearly three decades, appellant Anthony Percell used and assumed the identity

---

[1]     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of D.S., a deceased friend.[2]  Percell was charged with and pleaded guilty to aggravated

identity theft, among other crimes, in relation to his use of D.S.'s identity.  On appeal,

Percell argues that the aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), does

not criminalize the use of a deceased person's identity.  We conclude that Percell

forfeited this argument by failing to raise it before the District Court in his motion to

dismiss.  We will therefore affirm.

On August 9, 2022, Percell was charged with several crimes in connection with

his use of D.S.'s identity, including aggravated identity theft for fraudulently obtaining a

passport ("Count 12").  Prior to trial, Percell moved to dismiss Count 12, arguing that the

conduct charged in Count 12 did not constitute aggravated identity theft under the

Supreme Court's recent holding in Dubin v. United States, 599 U.S. 110, 131 (2023).

The District Court denied his motion.  Percell then pled guilty to all counts pursuant to an

agreement with the government.[3]  On January 2, 2024, the District Court sentenced

Percell to a twenty-four-month term of imprisonment on Count 12, and a term of one day

on all remaining counts.  Percell timely appealed.[4]

Percell's sole argument on appeal is that the aggravated identity theft statute, 18

---

[2]     Because we write for the parties, we recite only facts pertinent to our decision.

[3]     Percell reserved his right to appeal the District Court's denial of his motion to dismiss Count 12.

[4]     The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 18 U.S.C. § 1291.  "We review the District Court's legal conclusions de novo and its factual determinations, including its findings about the contents and purposes of the acts alleged in the Indictment, for clear error."  United States v. Menendez, 831 F.3d 155, 164 (3d Cir. 2016) (emphasis omitted).

U.S.C. § 1028A(a)(1), does not criminalize the use of a deceased person's identity. The government contends that Percell forfeited this argument by failing to raise it in his motion to dismiss. Alternatively, the government argues that the aggravated identity theft statute applies to the use of either a living or deceased person's identity. We agree with the government that Percell forfeited his argument by failing to raise it in the District Court and thus do not reach the alternative argument.

Under Fed. R. Crim. P. 12(b)(3)(B), a defendant "must" raise by pretrial motion certain defects in the indictment, including its failure to state an offense. To preserve a Rule 12 challenge for appellate review, "a party must make the same argument in the District Court that he makes on appeal." United States v. Joseph, 730 F.3d 336, 341 (3d Cir. 2013). Merely "raising an *issue* in the District Court is insufficient to preserve for appeal all *arguments* bearing on that issue." Id. (emphases added); see Brennan v. Norton, 350 F.3d 399, 418 (3d Cir. 2003). The central inquiry is "whether [the party] presented the argument with sufficient specificity to alert the district court" to the argument. Keenan v. City of Philadelphia, 983 F.2d 459, 471 (3d Cir. 1993).

Percell did not raise the argument in his motion to dismiss that he now presses on appeal. In his motion to dismiss, Percell asserted only that the conduct charged in Count 12 did not rise to the level of aggravated identity theft because the use of D.S.'s identity was not the "crux" of the crime of passport fraud as required by Dubin. 599 U.S. at 131 (statutory requirement that a defendant "use" another person's identification "in relation to" a predicate offense is only satisfied when the defendant's use is "at the crux of what makes the [predicate offense] criminal"). J.A. 39-40. Percell nowhere asserted, however,

that Section 1028A(a)(1) criminalized only the use of a living person's identification. His motion to dismiss did not reference this issue, much less make "the same argument" that he now raises on appeal. Joseph, 730 F.3d at 341. Nor is Percell simply "refram[ing]," id., his original Dubin argument into one about the reach of Section 1028A(a)(1).[5]

We are also unpersuaded by Percell's assertion that, because the District Court addressed the issue, his argument is preserved. To be sure, the District Court discussed in a footnote whether Section 1028A(a)(1) criminalized the use of a deceased person's identity. We agree with the government, however, that the District Court's passing statement was no more than legal background and was not an independent holding. More importantly, the forfeiture inquiry assesses whether *the party*, not the District Court, sufficiently raised and therefore preserved the argument for appellate review. See, e.g., Keenan, 983 F.2d at 471; Brennan, 350 F.3d at 418; United States v. Abreu, 32 F.4th 271, 275 (3d Cir. 2022). We therefore conclude that Percell forfeited his current argument by failing to raise it before the District Court.[6]

---

[5] Percell's attempt to shoehorn his argument into Dubin does not persuade us that he presented "the same argument" to the District Court. Joseph, 730 F.3d at 342. Dubin's narrow construction of the terms "uses" and "in relation to" says nothing about the meaning of the term "person." See Dubin, 599 U.S. at 131. And citation to the same legal authority does not compel the conclusion that a litigant advanced the same argument. See Joseph, 730 F.3d at 341 (identical arguments must "depend on the same legal rule or standard").

[6] We cannot consider a forfeited argument unless the party shows good cause for failing to raise it in the District Court. See Fed. R. Crim. P. 12(c)(3); United States v. Sok, 115 F.4th 251, 259 (3d Cir. 2024). Percell expressly declined to argue that he had good cause for failing to timely assert this argument. We are therefore barred from considering it.

4

For the reasons set forth above, we will affirm.